# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE LINDEMANN,

    Appellant,

v.

             Case No. 18-CV-302-JPS

DOUGLAS F. MANN,

             **ORDER**

    Appellee.

    Appellant filed for Chapter 7 bankruptcy protection on June 2, 2016, in an effort to evade a $170,000 sanction entered against her by the Milwaukee County Circuit Court for her frivolous litigation conduct. She was granted discharge on September 12, 2016. Appellee is the trustee of Appellant's bankruptcy estate. On January 26, 2017, the bankruptcy court approved Appellee's sale of Appellant's interest in a family trust. Appellant appealed that order on February 7, 2017. *Christine Lindemann v. Douglas F. Mann*, 17-CV-180-JPS (E.D. Wis.) (Docket #1). On May 19, 2017, Court granted a motion to dismiss that action as moot. *Id.*, (Docket #19).

    Since that time, Appellant has inundated the bankruptcy court with filings regarding the management of her estate. The bankruptcy court has dismissed those motions and other requests because the estate is itself bankrupt; there will be no surplus for Appellant after her creditors are paid. On January 31, 2018, Appellant filed an adversary proceeding against Appellee. (Docket #2-2 at 1–4). The proceeding objected to Appellant's own discharge and the dischargeability of her debt to a law firm which represented her in unrelated state court litigation. *Id.* In essence, Appellant

contended that the law firm fraudulently represented the amount it was allegedly owed, and that Appellee should not pay the firm that sum. *Id.*

On February 22, 2018, the bankruptcy court dismissed the proceeding *sua sponte* owing to its many procedural infirmities. (Docket #2-1 at 8–11). The objection to Appellant's discharge was improper for three reasons. First, debtors do not have standing to object to their own discharge. *Id.* at 9; 11 U.S.C. § 727(c)(1). Second, even assuming she had standing, the deadline for Appellant's objection had long since passed. (Docket #2-1 at 9); Fed. R. Bankr. P. 4004(a). Third, to the extent Appellant desired a judgment revoking her discharge, this too failed for lack of standing. (Docket #2-1 at 9–10); 11 U.S.C. § 727(d).

The dischargeability complaint was also procedurally faulty. The Bankruptcy Code provides that a fraud on the part of a debtor can affect the dischargeability of a debt. (Docket #2-1 at 10); 11 U.S.C. § 523(a)(2)(A). The law firm's alleged fraud, even if proven, would not make the debt non-dischargeable. (Docket #2-1 at 10). Further, the deadline to file a claim pursuant to Section 523 expired in September 2016, just before Appellant's discharge. (Docket #2-1 at 10); 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c). Finally, the bankruptcy court noted that to the extent Appellant attempted to present yet another objection to the law firm's claim on her estate (of which she made many), it failed for lack of standing. (Docket #2-1 at 10).

This appeal was taken on February 27, 2018. (Docket #1). The notice of appeal contains some argument addressing the grounds for the appeal. *Id.* at 1–2. Therein, Appellant makes no attempt to address the bankruptcy court's determinations of procedural error. *Id.* Rather, Appellant focuses her efforts on the "merits" of her appeal, namely that Appellee has negligently or fraudulently approved the amount claimed by the law firm.

*Id.* Appellant asks that her adversary proceeding be reinstated and reassigned to a different bankruptcy judge. *Id.* at 3. She also insists that she be permitted to take testimony from an attorney witness who will explain how much is actually owed to the firm *Id.* at 3.

On April 20, 2018, before the Court received any briefing on this appeal, Appellee filed a one-page motion to dismiss. (Docket #4). The motion states that Appellee was directed to file the motion by the bankruptcy court, and attaches the bankruptcy court's order thereon, which was issued on April 16, 2018. *Id.* The April 16 order explains what has occurred in the bankruptcy court while this appeal has been ongoing. *Id.* at 7–10.

On February 14, 2018, Appellee filed an application to employ an attorney to defend against Appellant's adversary proceeding. *Id.* at 8–9. Appellant objected to the application and a hearing was set for April 12, 2018. *Id.* at 9. At the hearing, Appellee explained that he needed counsel to defend himself from Appellee's adversary proceeding, and that Appellant's continued filings were holding up the final disposition of the bankruptcy estate. *Id.* The bankruptcy court asked Appellant to explain the bases for her appeal in light of that court's grounds for dismissing the adversary proceeding. *Id.* Appellant could not offer a cogent reason why her adversary proceeding should be considered procedurally proper. *Id.* at 9–10.

In light of the apparent lack of merit to the appeal, the bankruptcy court stated that it "expect[s] that the district court might summarily dismiss the appeal without requiring [Appellee] to respond." *Id.* at 10. It directed Appellee to file the motion to dismiss. *Id.* If the motion was not

granted, the bankruptcy court authorized Appellee to retain counsel to defend from the appeal. *Id.*

The Court agrees that this appeal should be summarily dismissed and will grant Appellee's motion to that effect. As explained in the bankruptcy court's February 22 order, Appellant's adversary proceeding faced insurmountable procedural failings and the bankruptcy court had no choice but to dismiss the case. This Court agrees entirely with that analysis and Appellant gives this Court no reason to think otherwise. Appellant's opening brief, filed April 27, 2018, is almost entirely silent on the procedural issues identified in the bankruptcy court's dismissal order. *See generally* (Docket #5). Instead, Appellant's rambling, incoherent submission focuses on the putative "substance" of her adversary proceeding. *Id.* Those issues, even if they had merit, are not before this Court. The only matter for this appeal is whether the bankruptcy court's dismissal was proper.

Appellant's brief offers only one contention which merits mention. She says she has standing to pursue her adversary proceeding as a trustee of the family trust. Appellant is mistaken in both fact and law. She no longer has any interest in the trust, as that was sold to provide assets to her bankruptcy estate. *See Christine Lindemann v. Douglas F. Mann*, 17-CV-180-JPS (E.D. Wis.) (Docket #19). Even if that interest was not sold, it would not supply standing to pursue her adversary proceeding. As the bankruptcy court noted in dismissing the adversary proceeding, a debtor cannot object to their own discharge or the dischargeability of a debt pursuant to 11 U.S.C. §§ 523 or 727. (Docket #2-1 at 9–10). Appellant's status in the family trust has no bearing on her position as the debtor in her bankruptcy case. Finally, assuming that none of this were true, Appellant offers no cogent argument why her adversary proceeding should be considered timely.

The Court has also reviewed the entirety of the audio transcript of the April 12 hearing before the bankruptcy court. *In re Lindemann*, 16-25706-GMH, (E.D. Wis. Bankr.), (Docket #279). There was no better opportunity for Appellant, a *pro se* litigant, to explain the basis for her appeal orally rather than in the written word. Despite the bankruptcy court's careful and conscientious questioning at that hearing, Appellant offered no legitimate basis either for her adversary proceeding or the instant appeal.[1] No further proceedings in this case would be of benefit to any party.

Appellant's bankruptcy estate is already under water. This Court agrees with the bankruptcy court that Appellant's litigiousness cannot be allowed to further diminish the estate's limited assets. Further, both courts need not continue to waste their time indulging Appellant's complete ignorance of the applicable legal principles. The Court will therefore grant the motion to dismiss and affirm the bankruptcy court's order dismissing the adversary proceeding. The Court will also provide Appellant a word of warning. It would be wise for her to cease straining the patience of both this Court and the bankruptcy court. Any further frivolous appeals to this Court will be met with appropriate sanctions.[2]

---

[1]In fact, Appellant's argument at the hearing merely confirmed the appropriateness of the bankruptcy court's decision. She emphasized over and over that the basis for her adversary proceeding, and this appeal, is that she does not like that the amount paid to the law firm may be inaccurate. Appellant further admitted that she, having been granted a discharge of that law firm debt, had no economic interest in such accuracy. Thus, Appellant's lack of standing to pursue the adversary proceeding was presented in stark relief.

[2]In both the bankruptcy court hearing and her brief to this Court, Appellant discloses the true reason for the adversary proceeding: delay. She does not want to have the assets of her bankruptcy estate distributed. It seems that Appellant wants to wait to see if her pending state court litigation will terminate in her favor. Of course, her conduct could also be motivated by the mere desire to spite her

Accordingly,

**IT IS ORDERED** that Appellee's motion to dismiss (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the order of the bankruptcy court under review (Docket #2-1 at 8–11) be and the same is hereby **AFFIRMED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

creditors. In either event, using the adversary proceeding and this appeal to tangentially achieve delay is an improper use of those proceedings. This is yet another reason why Appellant should tread carefully in future filings; sanctions are now looming in the background.